**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thaddeus Joseph Beaulieu, | No. CV-23-00428-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| National Mobility Elder Care, Incorporated, et al., | |
| Defendants. | |

Pending before this Court is Defendant National Mobility Elder Care, Inc.'s Motion to Dismiss (Doc. 28). For the reasons set forth below the motion is granted and Plaintiff's complaint is dismissed in its entirety with leave to amend within 30 days. Should Plaintiff not appropriately file an amended complaint within thirty days of the date of this Order, the Clerk of Court is directed to terminate this matter.

### I.   Background

On March 22, 2020, the Plaintiff signed a contract with the Defendant, after having been informed by Defendant that he had completed the application process. The Contract stated that Plaintiff would be an independent contractor working for the Defendant. (Doc. 1-1 at ¶ I. D) as a "Driver Companion." Plaintiff believed he would be providing driving services for the elderly. Plaintiff was obliged to watch certain online training videos prior to providing service. He was told by Defendant that he could do so at his leisure. He completed the training videos approximately two months later on May 13.

1  Prior to that time, however, in light of the pandemic, and the stay-at home orders of the
2  Illinois Governor, Plaintiff decided not to accept any appointments to provide driving
3  services to the elderly. Thereafter, Defendant terminated the contract on May 26, 2020. In
4  doing so, Defendant informed Plaintiff that it had "decided to not move forward with the
5  application." Plaintiff brings causes of action for breach of contract, negligent
6  misrepresentation, and fraud.

## II.     Analysis

Integral to Plaintiff's only discernibly viable breach and misrepresentation claims is the allegation that, contrary to the express language of the contract, he was Defendant's employee and not an independent contractor. This result, he alleges, is mandated by Illinois law due to the control that the Defendant exercised over the performance of the function he was contracted to perform. 820 ILCS 185/10. Nevertheless, to survive a motion to dismiss, a complaint must plead sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atlantic v. Twombly,* 550 U.S. 544, 557, 570 (2007) *see also Aschcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). The contract's requirement that Plaintiff take one call for service a month and that he complete some training before doing so, is simply insufficient to make it plausible that Plaintiff was Defendant's employee under either Illinois or Arizona law. Thus, Plaintiff has alleged no control exercised over his function sufficient to make it even plausible that he was an employee to Plaintiff rather than his independent contractor.

Plaintiff also alleges that Defendant misrepresented to him in the contract that he was an independent contractor as opposed to an employee. As Plaintiff has alleged insufficient facts to make it plausible that he was Defendant's employee as opposed to being an independent contractor, he has not stated sufficient facts to make it plausible that Defendant made a false statement to him in a business transaction when it represented as much. A misrepresentation is a necessary element of the tort of negligent misrepresentation. *In re Arizona Theranos, Inc., Litigation,* 308 F. Supp. 3d 1026, 1055 (D. Ariz. 2018) (holding that a false statement in a business transaction is an element of

the claim of negligent misrepresentation). Plaintiff has not plausibly alleged one here.

Plaintiff also asserts two counts of fraudulent statement (or possibly statements of negligent misrepresentation) against the Defendant. The first apparently being that Plaintiff had completed all the requirements to qualify as a Driver Companion, the second being that Plaintiff had decided not to move forward with the application when Defendant terminated his contract. Regardless of which of these claims Plaintiff wishes to state, he falls short.

To state a cause of action for fraud, there are a number of elements. Among them, are that there be a fraudulent statement, that it be material, that the speaker of the statement intend that it be relied on by the Plaintiff, that the Plaintiff be ignorant of the statement's falsity and relies on its truth, and that it cause a consequent and proximate inquiry to the Plaintiff. *Arnold & Assocs. Inc. v. Misys Healthcare Sys. A Div. of Misys, PLC*, 275 F. Supp. 2d 1013, 1027 (D. Ariz. 2003) (citing *Nielson v. Flashberg*, 101 Ariz. 335, 338-39, (1966).

To the extent that Plaintiff alleges that Defendant's first alleged fraudulent (or misrepresentational) statement that "he had completed the Defendant's application process," caused him damage by getting him to sign the contract, Plaintiff has not offered any facts to suggest that the statement was false or a misrepresentation. Nor has Plaintiff offered any plausible damage that he suffered by signing the contract under the false pretense that he had finished the application process.

As it pertains to the second alleged fraudulent statement made by Defendant in terminating the contract with the Plaintiff that Plaintiff "had decided to not move forward with your Application," (Doc. 1-1 at ¶¶ V. C, V. D.5-1), there are no sufficient or plausible facts that allege that the statement is false or material, that Plaintiff relied on it and was ignorant of its falsity, and that the statement itself caused the Plaintiff any injury.

**IT IS THEREFORE ORDERED THAT**

1. Defendant National Mobility Eldercare, Inc.'s Motion to Dismiss (Doc. 28) is **GRANTED**.

  2. Plaintiff's Amended Complaint (Doc. 1-1) is **DISMISSED** in its entirety with leave to amend.

  3. Plaintiff shall have thirty days from the date of this Order in which to file a Second Amended Complaint with the Clerk of Court.

  4. If Plaintiff fails to comply with this Order, the Clerk of Court is directed to terminate this matter.

  Dated this 27th day of June, 2024.

_____
G. Murray Snow
Chief United States District Judge